IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>231 ST. ASAPHS ROAD, SUITE 100<br>BALA CYNWYD, PA 19004<br>　　　　　　　Plaintiff<br><br>v.<br><br>WERX, INC.<br>13 PETER ISLAND DRIVE<br>ST. AUGUSTINE, FL 32092<br><br>　　and<br><br>CLEAR CONSTRUCTORS, LLC<br>700 NORTH 3RD STREET, SUITE 300<br>NEPTUNE BEACH, FL 32266<br>　　　　　　　Defendants | CIVIL ACTION<br><br>NO. 3:23-CV-01063<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Philadelphia Indemnity Insurance Company, by and through its undersigned counsel, demands judgment against defendants Werx, Inc. and Clear Constructors, LLC and complains against them as follows:

## PARTIES

1.　Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "PIIC") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at One Bala Plaza, 231 St. Asaphs Road, Suite 100, Bala Cynwyd, PA 19004.

2.　At all times relevant hereto, PIIC provided property insurance to San Marco Place Condominium Association Inc. ("San Marco" or "Subrogor") in connection with its property located at 1478 Riverplace Boulevard, Jacksonville, FL 32207 (the "subject property"), under a

policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), PIIC became subrogated to certain recovery rights and interests of San Marco for monies paid thereunder, including the claims giving rise to this action.

4. Defendant Werx, Inc. ("Werx") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 13 Peter Island Drive, St. Augustine, FL 32092.

5. Defendant Clear Constructors, LLC ("Clear Constructors") is a Florida limited liability company whose members are, upon information and belief, Tyler J. Oldenburg, Scott S. Simmons, and James Pittman, each of whom is an adult individual and citizen of Florida.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) and (2) in that Defendants reside in this district and the events and/or omissions giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. The subject property is a 21-story condominium building originally constructed in 2007, with a pool and other common elements on the fourth floor.

9. Prior to November 29, 2021, Werx, as a subcontractor of Clear Constructors, had been engaged for the installation of pool decking at the subject property, which was defective and resulted in damages to San Marco.

10. Prior to November 29, 2021, Werx installed pavers with grout around the subject property's pool, which resulted in excessive weight on the pool deck, in violation of the design plans.

11. In addition, prior to November 29, 2021, Werx, in performing its pool decking work, used Portland mix grout, which is caustic and caused damage to the deck's waterproof membrane.

12. The grout also covered the pool drains, and when a heavy rainstorm occurred on or about November 29, 2021, water seeped through the damaged waterproof membrane and leaked into the parking garage levels below, causing efflorescence stains in the parking garage. Water also seeped into the adjacent gym and caused damage to the equipment and building structure.

13. As a result of the incident, Subrogor, and therefore Plaintiff, sustained damage to real and personal property, as well as the imposition of additional expenses and hardship besides, in an amount in excess of $75,000.00.

14. The incident and consequent damages were directly and proximately caused by Defendants, as is further and more fully described below.

## COUNT I – NEGLIGENCE v. WERX

15. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability-producing conduct of Werx, including

negligent acts and/or omissions, as performed personally and/or by and through its agents, employees and/or servants, more specifically described as follows:

- (a) failing to exercise reasonable care in the performance of duties in the installation of pool decking, including, but not limited to, carelessly and negligently performing the following:

    - (1) failing to competently install pool decking at the subject property in a safe and appropriate manner;

    - (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of pool decking at the subject property; and/or

    - (3) failing to properly monitor the work of all agents and/or employees during the installation of pool decking at the subject property to ensure compliance with applicable codes;

- (b) failing to adequately instruct, supervise and/or train servants, employees, and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (a);

- (c) failing to adequately warn Subrogor of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (a), above;

- (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

- (e) failing to perform its duties and tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

- (f) failing to retain competent, qualified and/or able agents, employees, or servants to perform the tasks set forth in subparagraph (a) above.

17. Werx owed Subrogor the above duties and breached said duties as outlined above.

18. As a direct and proximate result of the careless and negligent conduct of Werx as set forth above, Subrogor sustained and incurred damages in an amount in excess of $75,000.00.

As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorneys' fees and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH OF WARRANTIES v. WERX

19. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

20. In furtherance of the aforementioned services performed, Werx expressly and impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

21. Based upon the aforementioned improper conduct on the part of Werx, personally and through servants, employees, and/or agents as set forth above, Werx breached these warranties.

22. Subrogor and Plaintiff have performed all conditions precedent to recover based upon such breaches.

23. As a direct and proximate result of such conduct, Subrogor sustained and incurred damages in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorneys' fees and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – NEGLIGENCE v. CLEAR CONSTRUCTORS

24. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

25. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability-producing conduct of Clear Constructors, including negligent acts and/or omissions, as performed personally and/or by and through its subcontractors, agents, employees and/or servants, more specifically described as follows:

    (a)    failing to exercise reasonable care in the performance and supervision of duties in the installation of pool decking, including, but not limited to, carelessly and negligently performing and/or supervising (or failing to supervise) the following:

        (1)    failing to competently supervise the installation of pool decking at the subject property in a safe and appropriate manner;

        (2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of pool decking at the subject property; and/or

        (3)    failing to properly monitor the work of all subcontractors, agents and/or employees during the installation of pool decking at the subject property to ensure compliance with applicable codes;

    (b)    failing to adequately instruct, supervise and/or train subcontractors, servants, employees, and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (a);

    (c)    failing to adequately warn Subrogor of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (a), above;

    (d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e)    failing to perform its duties and tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able subcontractors, agents, employees, or servants to perform the tasks set forth in subparagraph (a) above.

26. Clear Constructors owed Subrogor the above duties and breached said duties as outlined above.

27. As a direct and proximate result of the careless and negligent conduct of Clear Constructors as set forth above, Subrogor sustained and incurred damages in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorneys' fees and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV – BREACH OF WARRANTIES v. CLEAR CONSTRUCTORS

28. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

29. In furtherance of the aforementioned services performed, Clear Constructors expressly and impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

30. Based upon the aforementioned improper conduct on the part of Clear Constructors, personally and through subcontractors, servants, employees, and/or agents as set forth above, Clear Constructors breached these warranties.

31. Subrogor and Plaintiff have performed all conditions precedent to recover based upon such breaches.

32.     As a direct and proximate result of such conduct, Subrogor sustained and incurred damages in an amount in excess of $75,000.00.  As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorneys' fees and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> The Law Office of Stephen Barker
> 901-A Clint Moore Road
> Boca Raton, FL 33487
> 561-886-8352
> slb@stephenbarkerlaw.com
>
> BY:   /S/ *Stephen L. Barker*
>           STEPHEN L. BARKER, ESQ.
>           Florida Bar No: 55357