UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>　　　　　Plaintiff<br><br>v.<br><br>WERX, INC.<br><br>and<br><br>CLEAR CONSTRUCTORS, LLC<br>　　　　　Defendants | Case No.: 3:23-cv-01063 |

PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT, WERX, INC.

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 55(b) and Florida Middle District Local Civil Rule 1.10(c), moves for entry of a Default Judgment against defendant Werx, Inc. ("Werx") for a sum certain of $745,000.00. As set forth more fully in the accompanying memorandum of law, the basis for this motion is Werx's failure to answer or otherwise respond to the Complaint and the Amended Complaint, for which Werx is in default. In support of this motion, Plaintiff relies upon the Declaration of John Smith submitted herewith and the accompanying memorandum of law.

| | |
|---|---|
| Dated: September 23, 2024 | Respectfully submitted, |

de LUCA LEVINE LLC

BY: */s/Thaddeus S. Kirk*
Thaddeus S. Kirk (*pro hac vice*)
Pennsylvania Bar ID: 315942
de Luca Levine
301 East Germantown Pike, 3rd Floor
East Norriton, PA 19401
Phone: 215-383-0081
Fax: 215-383-0082
TKirk@delucalevine.com

Stephen L. Barker, Esq.
901-A Clint Moore Road
Boca Raton, FL 33487
561-886-8352
slb@stephenbarkerlaw.com

*Attorneys for Plaintiff Philadelphia Indemnity Insurance Company*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>　　　　　Plaintiff<br><br>v.<br><br>WERX, INC.<br><br>and<br><br>CLEAR CONSTRUCTORS, LLC<br><br>　　　　　Defendants | Case No.:  3:23-cv-01063 |

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>DEFAULT JUDGMENT AGAINST DEFENDANT, WERX, INC.</u>

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff"), by its undersigned counsel, respectfully submits this Memorandum of Law in support of its motion for entry of a Default Judgment against defendant Werx, Inc. ("Werx") for a sum certain of $745,000.00.

FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a water damage incident that occurred at the property of Plaintiff's insured on or about November 29, 2021. *See generally* Amended Complaint (Doc. No. 21). Plaintiff alleged in its Amended Complaint that Werx, as a subcontractor of former defendant Clear Constructors LLC,

negligently installed pavers with an improper type of grout around the subject property's pool deck, which resulted in property damage. *Id.* Accordingly, Plaintiff asserted causes of action for both negligence and breach of warranties against both Werx and Clear Constructors.

Werx, to date, has not appeared in this action. Clear Constructors was voluntarily dismissed from the action by stipulation on August 6, 2024. *See* Doc. No. 33. On September 5, 2024, the Clerk entered a default against Werx at Plaintiff's request. *See* Doc. No. 36.

Plaintiff now seeks default judgment against Werx on Counts I and II of the Amended Complaint for a sum certain. As set forth in the Declaration of John Smith in support of this request, Plaintiff paid its insured $745,000.00 for the subject loss after its insured presented a claim for $1,337,345.11 under the applicable insurance policy. Plaintiff, through Mr. Smith, submits documents supporting both the insured's claim amount and the ultimate payment for which Plaintiff is subrogated.

## ARGUMENT

Herein, Plaintiff provides the information and analysis required by the Court's August 29, 2024 Order directing entry of default. *See* Doc. No. 34. First, for the reasons set forth above and in the Declaration of John Smith, Plaintiff is entitled to (and therefore requests) default judgment for a sum

certain of $745,000.00 against Werx on Counts I and II of the Amended Complaint.

Second, Plaintiff is entitled to default judgment because the well pleaded allegations of the Amended Complaint show it is entitled to relief. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "To state a claim for negligence, a plaintiff 'must allege four elements: a duty, breach of that duty, causation, and damages.'" *Farmer v. Humana, Inc.*, 582 F. Supp. 3d 1176, 1185 (M.D. Fla. 2022) (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012)). Here, the Amended Complaint alleges that Werx was engaged for the installation of pool decking at the subject property (duty). *See* Complaint ¶ 9. It breached that duty, for example, by using an improper type of grout around the subject property's pool deck (breach), which resulted in property damage due to excessive weight on the deck, the grout's caustic nature, and the improper covering of pool drains (causation). *Id.* ¶¶ 10-12. As a result, Plaintiff suffered damages. *Id.* ¶ 13; *see also* Declaration of John Smith. In addition, this conduct resulted in a breach of an express and/or implied warranty that all work would be performed in a reasonably workmanlike manner and/or with quality workmanship. *See* Complaint ¶¶ 29-30. Thus, the well pleaded allegations of the Complaint

support a default judgment because they support the elements of Plaintiff's causes of action for both negligence and breach of warranty.[1]

Next, Werx was served with the original Complaint on October 23, 2023. *See* Doc. No. 32-1. The Amended Complaint was filed on December 22, 2023, after the Court struck the original Complaint as a shotgun pleading. *See* Doc. Nos. 18, 21. The Amended Complaint was served on Werx at the same address where original service of process was perfected. *See* Doc. No. 21 at 11. Thus, service of the Amended Complaint was proper under Federal Rule of Civil Procedure 5(a)(1)(B).

Even if the Court finds service of the Amended Complaint was not proper, service was not required under *Campbell v. Bennett*, 47 F.4th 1362 (11th Cir. 2022). Service of pleadings after the initial complaint is not required as to parties who fail to appear, provided the new pleading does not state a new claim for relief. *Id.* at 1366 (quoting Fed. R. Civ. P. 5(a)(2)). In *Campbell*, the Eleventh Circuit held that an amended Copyright Act complaint that added a claim for joint and several liability was a "new claim for relief," such that service of the amended complaint was required on the non-answering party. *Id.* at 1377.

---

[1] By contrast, the *Nishimatsu* court held that a document attached to the complaint showed, on its face, that Plaintiff could not state a claim for breach of contract and thus was not entitled to default judgment. *See* 515 F.2d at 1206. Here, Plaintiff's Amended Complaint suffers from no such defect.

4

Here, by contrast, Plaintiff's Amended Complaint added no new claims against Werx vis-à-vis the original Complaint. To the contrary, the Amended Complaint, if anything, *subtracted* claims (or at least allegations supporting claims) against Werx. The *only* difference is that Count II (breach of warranties) of the original Complaint incorporated by reference all prior paragraphs, including Count I, while Count II of the Amended Complaint incorporated only Paragraphs 1-14, i.e., the sections concerning parties, jurisdiction, and venue and the statement of facts, but *not* Count I. *Compare* Doc. No. 1 at ¶ 19 *with* Doc. No. 21 at ¶ 19. Thus, the Amended Complaint, on its face, did not add a new claim for relief against Werx, and service on Werx was not even required.[2]

Finally, Plaintiff submits, as set forth above, that it is entitled to default judgment for a sum certain under Rule 55(b)(1). To the extent the Court disagrees, Plaintiff maintains its jury demand for a determination of damages.

---

[2] In any event, should the Court disagree with Plaintiff's analysis, Plaintiff respectfully requests default judgment on Count I only, which is identical in both the Complaint and the Amended Complaint.

5

Dated: September 23, 2024   Respectfully submitted,

de LUCA LEVINE LLC

BY: */s/Thaddeus S. Kirk*
Thaddeus S. Kirk (*pro hac vice*)
Pennsylvania Bar ID: 315942
de Luca Levine
301 East Germantown Pike, 3rd Floor
East Norriton, PA 19401
Phone: 215-383-0081
Fax: 215-383-0082
TKirk@delucalevine.com

Stephen L. Barker, Esq.
901-A Clint Moore Road
Boca Raton, FL 33487
561-886-8352
slb@stephenbarkerlaw.com

*Attorneys for Plaintiff Philadelphia Indemnity Insurance Company*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>    Plaintiff<br><br>v.<br><br>WERX, INC.<br><br>and<br><br>CLEAR CONSTRUCTORS, LLC<br><br>    Defendants | Case No.:  3:23-cv-01063 |

CERTIFICATE OF SERVICE

I, Thaddeus S. Kirk, Esquire, certify that a true and correct copy of the foregoing Motion for Entry of Default Judgment was served via CM/ECF Notice of Electronic Filing or, if the party does not participate in Notice of Electronic Filing, by United States First Class Mail, postage prepaid, on September 23, 2024:

Werx, Inc.
c/o Heather Franklin
509 Meadow Ridge Drive
St. Augustine, FL 32092

      /s/Thaddeus S. Kirk
      Thaddeus S. Kirk