United States District Court
Middle District of Florida
Jacksonville Division

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

 *Plaintiff,*

v.             NO. 3:23-cv-1063-TJC-PDB

**WERX, INC.,**

 *Defendant.*

## Order

In this construction-defect case, Philadelphia Indemnity Insurance Company (PIIC) sues Werx, Inc., for alleged negligence and breach of warranties. Doc. 21. Werx moves to set aside default. Doc. 49. PIIC opposes the motion. Doc. 50.

PIIC filed this lawsuit in September 2023. Doc. 1. PIIC originally sued two defendants: Werx and Clear Constructors, LLC. Doc. 1. The Court struck the complaint as an impermissible shotgun pleading, directed PIIC to amend the complaint, and directed the defendants to respond to the amended complaint. Doc. 18.

PIIC filed an amended complaint, Doc. 21, and Clear Constructors answered, Doc. 24. PIIC and Clear Constructors eventually stipulated to dismissal, Doc. 33, and the Court dismissed the claims against Clear Constructors, Doc. 35.

Meanwhile, PIIC moved for entry of default against Werx. Doc. 32. PIIC provided a declaration and return of service indicating a process server had served a co-owner of Werx—Heather Franklin—with the summons and original complaint on October 23, 2023. Docs. 32, 32-1. The clerk entered default against Werx on September 4, 2024, Doc. 36, and PIIC moved for entry of default judgment for $745,000 in damages on September 19, 2024, Docs. 37, 38. The Court denied the motion without prejudice, Doc. 39, and PIIC re-filed the motion on September 23, 2024, Doc. 40. That motion remains pending.

Counsel for Werx appeared in this action on November 14, 2024, and Werx moved to set aside default on November 22, 2024, Doc. 47. The Court denied the motion without prejudice, Doc. 48, and Werx re-filed the motion on December 4, 2024, Doc. 49.

In the motion to set aside default, Werx argues that default should be set aside because its "failure to respond was neither willful nor culpable." Doc. 49 at 5. Werx explains that its failure "to appear in this matter was an unintentional mistake rather than any attempt to delay or obfuscate ongoing litigation." Doc. 49 at 5. Werx contends that after attempting "to resolve this matter directly with" PIIC's counsel, Werx "acted promptly to vacate the default" by filing the motion to set aside default "just eight days" after counsel for Werx appeared in this action. Doc. 49 at 5. Werx argues that it "has provided a meritorious defense," referencing its answer and affirmative defenses attached to the motion. Doc. 49 at 6; Doc. 49-1. Werx contends that the plaintiff will not be prejudiced by setting aside default because "[n]o facts have been alleged to suggest that [PIIC]'s ability to litigate its claims has changed or been impaired in a material way by the delay in litigation caused

by [Werx]'s failure to respond" and because "[t]he delay alone is not enough to claim prejudice in the absence of these factors." Doc. 49 at 6.

PIIC contends that Werx and its insurance carrier, Hiscox USA, have been aware of this action for more than a year, and Werx's failure to respond "is not excusable but rather culpable, willful, and dilatory." Doc. 50 at 3, 5. PIIC describes the following events. PIIC served Werx with process in October 2023. Doc. 50 at 3. On November 1, 2023, PIIC's counsel notified Werx's insurance carrier, Hiscox USA, that this action had been filed and Werx had been served. Doc. 50 at 3. Nine days later, Hiscox told PIIC's counsel that, after reviewing the claim, Hiscox had denied coverage. Doc. 50 at 3. On August 29, 2024, PIIC's counsel contacted Hiscox again and informed the insurer that the Court had entered default against Werx. Doc. 50 at 3. Hiscox, "in a reversal of its prior refusal to defend its insured," told PIIC's counsel that it would provide a defense subject to a reservation of rights. Doc. 50 at 3.

PIIC argues that Hiscox's initial refusal to defend was a strategic decision in hopes "that the matter would simply go away in light of its denial of coverage" and that "[o]nly when it became apparent to Hiscox that it would not (and there was a serious threat of a default judgment), Hiscox finally stepped in and defended its insured." Doc. 50 at 6. PIIC argues that "[t]he Court should not countenance this tactical delay as a basis to set aside the default." Doc. 50 at 6.

PIIC also argues that Werx failed to act promptly to cure the default, having been aware of the default since August 29, 2024 (when PIIC's counsel notified Hiscox), but not filing its first motion to set aside default until November 22, 2024. Doc. 50 at 6.

PIIC also argues that Werx fails to provide a meritorious defense, describing Werx's answer and affirmative defenses attached to the motion to set aside default as "boilerplate" and "no more than a general denial of the Amended Complaint's allegations against Werx." Doc. 50 at 7–8.

PIIC argues that it will suffer prejudice if the default is set aside. Doc. 50 at 8–10. PIIC observes that several deadlines established in the case management and scheduling order, Doc. 20, have passed and trial is scheduled to begin in March. Doc. 50 at 9. PIIC argues that if the court were to issue a new case management and scheduling order, it would still be prejudiced based on "the need to restart this litigation from scratch, the expenses associated therewith, the introduction of new issues, and the likelihood that evidence will be lost and witness memories will have faded." Doc. 50 at 9–10.*

At the Court's direction, Doc. 51, Werx replied to the response, Doc. 55. Werx explains these facts, which Werx supports with a declaration by Keith Franklin, the co-owner and operator of Werx. Doc. 55 at 1; Doc. 55-1. In February 2021, Franklin was diagnosed with a rare form of bone cancer. Doc. 55 ¶ 1. In June 2021, Franklin underwent intensive surgery to remove the cancer, from which his recovery lasted into 2022. Doc. 51 ¶ 2. In March 2022, Werx "was voluntarily dissolved and became an inactive corporation with the State of Florida." Doc. 51 ¶ 3. Franklin has experienced "extensive and constant pain and medical issues" because of the 2021 surgery and "has been taking various medication for extensive nerve pain that causes memory issues and psychological distress." Doc. 51 ¶¶ 4, 7. In January 2024, Franklin was

---

*On February 4, 2025, the Court sua sponte vacated the remaining deadlines in the case management and scheduling order and stated, "The Court will set a new schedule as appropriate once the pending motions re: default are resolved." Doc. 57.

4

informed his cancer had returned "and the tumor had grown" in his spine "resulting in lack of control in his legs, bladder, and bowels." Doc. 51 ¶ 5. Franklin has undergone extensive treatments "and is currently participating in a clinical trial targeting his cancer." Doc. 51 ¶ 5. In the spring of 2024, Franklin "was placed on permanent medical disability by Social Security." Doc. 51 ¶ 6.

Werx re-asserts its argument that its failure to appear was "not culpable, willful, or dilatory." Doc. 51 at 5. "Instead," Werx contends, "as a dissolved corporation, it merely made an unintentional mistake due to the overwhelming and life altering medical issues currently facing its pre-dissolution Co-Owner[.]" Doc. 51 at 5. Werx continues, "It is clear … that Mr. Franklin, and therefore [Werx], was focused rightfully on his medical issues and as a result, failed mistakenly to respond to the lawsuit." Doc. 51 at 5–6.

A court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Action on a motion to set aside a default is within the discretion of the district court[.]" *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).

"Good cause" is a liberal standard "not susceptible to a precise formula." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Considerations include whether default was culpable or willful, whether setting aside default would prejudice the adversary, whether the defaulting party presents a meritorious defense, whether public interest is implicated, whether the defaulting party would incur significant financial loss, and whether the defaulting party acted promptly to correct the default. *Id.*

5

Because of a strong policy to decide cases on the merits, defaults are disfavored. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Even in seeking to set aside default judgment—as opposed to default, a lesser standard—the defaulting party does not have to prove a meritorious defense; a "hint" of one suffices. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 n.4 (5th Cir. 1979). Whether a defense is meritorious does not depend on its likelihood of success. *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014).

Werx establishes good cause to set aside the default. Although Werx does not dispute proper service or knowledge of this action, the serious health issues detailed in the reply and affidavit demonstrate that Werx's default was not willful. Rather, Werx's default was the product of human error and Franklin's understandable focus on his serious health issues. That Hiscox knew about this action and initially refused to defend Werx fails to establish that Werx, the party to the action, willfully defaulted. In its answer and affirmative defenses attached to the motion to set aside default, Werx presents at least a hint of a meritorious defense in contending PIIC's claims are barred by the economic-loss rule and asserting a statutory defense under Florida law. *See* Doc. 49-1 at 10. PIIC requests entry of default judgment for $745,000 in damages, which, if awarded, would constitute a significant financial loss to Werx. *See* Doc. 40 at 1. The litigation prejudice that PIIC describes does not outweigh the other considerations, including the strong policy favoring merit-based, not technical-based, decisions.

The Court:

(1)  **grants** the motion to set aside default, Doc. 49;

(2)     **sets aside** the default, Doc. 36;

(3)     **denies as moot** the motion for entry of default judgment, Doc. 40;

(4)     **directs** Werx to file as a separate docket entry the answer and affirmative defenses attached to the motion to set aside default, Doc. 49-1, by **February 26, 2025**; and

(5)     directs the parties to file a new case management report by **March 5, 2025**.

**Ordered** in Jacksonville, Florida, on February 19, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*